**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KAREN WADE, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-05-371-KEW
 )
PRO CARPET BUILDING )
SERVICES, L.L.C., )
 )
       Defendant. )

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment filed July 21, 2006 (Docket Entry #26). The Motion is at issue. Upon review and consideration of the briefs submitted by the parties, this Court renders this ruling.

Defendant contracted with the Government to provide janitorial services for the McAlester Army Ammunition Plant (the "Plant"). Defendant assumed the contract from the prior holder of the contract, Brooks & Brooks. No contractual relationship ever existed, however, between Defendant and Brooks & Brooks and Defendant was not a successor-in-interest to Brooks & Brooks with regard to the contract with the Plant. Plaintiff had previously worked for Brooks & Brooks as a manager for approximately three years. Defendant, through its owner, Ron Ward ("Ward"), hired Plaintiff on November 1, 2004 in the same capacity. Other former employees of Brooks & Brooks were also retained.

When she applied for employment with Defendant, Plaintiff

signed a document dated November 4, 2006 which provides Plaintiff (1) understands the employment application was not intended to create an employment contract between she and Defendant; (2) recognizes no promises of employment have been made; (3) acknowledges she would be an at will employee, permitting either Plaintiff or Defendant to terminate the relationship at any time for any reason; (4) understands that no representative of Defendant has the authority to enter into an employment agreement for a specified time period or to make any agreement contrary to the subject signed document unless it was in writing and signed by Defendant's Human Resources Director; and (5) has a genuine interest in employment with Defendant and authorizes Defendant to contact various entities with background information on Plaintiff.

On or about February 13, 2005, Plaintiff's daughter was involved in an automobile accident, which resulted her suffering severe injuries. Plaintiff applied for medical leave with Plaintiff and was granted two weeks leave. Defendant continued to pay Plaintiff for more than two weeks of the time after her daughter's accident. When she requested additional leave at the end of that time, Ward terminated Plaintiff's employment.

On September 8, 2005, Plaintiff initiated this action for violation of the Family and Medical Leave Act as well as state law claims for breach of contract and intentional infliction of emotional distress. The claim based in the Family and Medical Leave

Act was voluntarily dismissed by Plaintiff on July 11, 2006. As to the remaining state law claims, Plaintiff alleges Defendant breached a contract between them. Specifically, Plaintiff contends Ward orally ensured she would be employed with Defendant for the minimum term of the government contract or one year. She further asserts Defendant assumed the over 100 hours of vacation hours and "numerous" sick hours which Plaintiff accumulated during the three years of employment with Brooks & Brooks. Plaintiff also alleges Defendant's conduct in terminating her while she had an injured daughter at home constitutes the intentional infliction of emotional distress.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a

material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

In this case, in relation to the material facts set forth herein above, there exists no genuine issue, either because the facts were admitted in Plaintiff's response to the pending Motion for Summary Judgment, or were not contested directly by competent evidence. Accordingly, this Court finds it appropriate to examine whether Defendant is entitled to prevail as a matter of law.

## I.  Breach of Contract Claim

Plaintiff bases her claim that an employment contract existed between she and Defendant upon a conversation she allegedly had with Ward prior to her hiring as a project manager. Plaintiff asserts in her deposition that Ward and her prior employer met with her. She characterizes the conversation as follows:

> A. – I mean we had, Ron [Ward] and I had a verbal agreement.
>
> \* \* \*
>
> Q. – When was the verbal agreement entered into?
>
> A. – Prior to him taking over the contract.

4

* * *

Q. – And when - - tell me where this happened and who was there and what was said?

* * *

A. – It was at building 35 where the office was at. And him and Mr. Jim Whaley, and Jim Whaley come down and introduced me to Ron. It was then that we went over my work schedule and he told me that I'd be working for him. And we talked about it and talked about the hours and all of that.

Q. – All right. So what you're calling a contract is - - what you're calling a verbal contract, I think you used those terms a minute ago?

A. – Uh-huh.

Q. – Is - - or verbal agreement, is a discussion with Mr. Ward that you would in fact be employed, that you would receive X compensation, that you would work X hours, and have X duties; is that correct?

A. – Well, I mean he didn't - - we didn't go through all the work duties and all of that.

Q. – Okay.

A. – At that time.

Q. – But basically he said come on-board, I want you for my project manager, and I'll pay you - -

A. – Correct.

Q. - - - pay you this. And you said great?

A. – I don't know if the pay was brought up at that time or not.

Q. – Okay. But you expressed an interest that you wanted to continue - -

A. – Correct.

Q. – – – working at the plant?

A. – Correct.

Q. – Okay. And that's – – that conversation with Mr. Ward is the sole basis for your belief that you have an employment contract or you had an employment contract with Pro Carpet?

A. – Correct.

* * *

Q. (on cross-examination) – Okay. At the time that you were hired did Mr. Ward give you any kind of time frame as to the length of your employment?

A. – When Mr. Whaley brought him to the office and we met I explained what I done, what my duties were for Brooks & Brooks, and I explained them to Mr. Ward and what I done. And he told me at that time that he wanted me to – – he wanted to keep me on as his project manager for the contract.

Plaintiff states she assumed this was for a minimum of one year and an maximum of five years since that was the term of the government contract at the Plant. Belying this alleged verbal agreement is the written agreement subsequently executed by Plaintiff expressly stating no employment contract existed between Plaintiff and Defendant and that she was an at will employee with no specified term of employment. Moreover, the written agreement requires any alteration of its terms be in writing and signed by Defendant's Human Resources Director. No such later modification to this writing has been provided to this Court.

In Oklahoma, a contract for employment "may be either express or implied, verbal or written." Southland Cotton Oil Co. v. Renshaw, 299 P. 425, 429 (Okla. 1931). This Court is dubious as to whether the oral discussions between Ward and Plaintiff constituted a valid contract as to the term of employment since the proposal, by Plaintiff's own admission, only involved hiring her as project manager "for the contract." Plaintiff assumed this statement implied a term to her employment rather than a proposal to hire her to perform the contract.

This Court, however, need not reach this issue. The subsequent written agreement unequivocally establishes Plaintiff as an at will employee. This later written agreement supersedes any prior oral agreement covering the same subject matter of her employment. Hemphill Corp. v. Guy H. James Const. Co., 620 P.2d 464, 465 (Okla. Ct. App. 1980). As a result, Plaintiff is an at will employee who may be terminated for any reason – "good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong," including breach of contract. Miner v. Mid-America Door Co., 68 P.3d 212, 221 (Okla. Ct. App. 2002) citing Burk v. K-Mart Corp., 770 P.2d 24, 26 (Okla. 1989).

**II. Intentional Infliction of Emotional Distress**

Oklahoma law recognizes the tort of intentional infliction of emotional distress. Gaylord Entertainment Co. v. Thompson, 958 P.2d

128, 149 (Okla. 1998). To prevail on such a claim, Plaintiff must demonstrate Defendant "engaged in conduct that was not only unreasonable but also was 'beyond all possible bounds of decency' in the setting in which it occurred and was such that it can be 'regarded as utterly intolerable in a civilized community.'" Miner v. Mid-America Door Co., 68 P.3d 212, 223 (Okla. App. 2002) citing Gaylord, 958 P.2d at 149. Plaintiff has not provided evidence of such extreme and outrageous conduct by Defendant to maintain a claim for intentional infliction of emotional distress. Defendant terminated Plaintiff as an at will employee after paying her for two weeks while she attended to her injured daughter. While it may be argued Defendant could have allowed Plaintiff more time off, the failure to do so is not outrageous or unreasonable as is required to prevail on an intentional infliction of emotional distress claim. Thus, the claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment filed July 21, 2006 (Docket Entry #26) is hereby **GRANTED**. Accordingly, the totality of Plaintiff's claims are hereby **DISMISSED.**

IT IS FURTHER ORDERED that the jury trial of this case currently set for September 11, 2006 is hereby **STRICKEN**.

IT IS SO ORDERED this 29th day of August, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

_____