# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KAREN WADE,

        Plaintiff,

v.                              Case No. CIV-05-371-KEW

PRO CARPET BUILDING
SERVICES, L.L.C.,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Attorney Fees and Plaintiff's Motion to Strike Defendant's Bill of Costs (Docket Entry Nos. 45 and 50, respectively). Upon review and consideration of the briefs submitted by the parties, this Court renders this ruling.

On September 8, 2005, Plaintiff initiated this action, alleging a violation of the Family and Medical Leave Act as well as state law claims for breach of contract and intentional infliction of emotional distress. The claim based in the Family and Medical Leave Act was voluntarily dismissed by Plaintiff on July 11, 2006. As to the remaining state law claims, Plaintiff alleged Defendant breached an employment contract between them by terminating her. Plaintiff also alleged Defendant's conduct in terminating her while she had an injured daughter at home constituted the intentional infliction of emotional distress.

By Order entered August 29, 2006, this Court granted

Defendant's request for summary judgment on all of the remaining claims, finding a subsequent written agreement between the parties established Plaintiff as an at-will employee, who could be terminated on any basis or no basis at all. This Court also concluded Defendant's conduct was not sufficiently outrageous for Plaintiff to proceed on her intentional infliction of emotional distress claim.

As a result of prevailing on its Motion, Defendant now requests that it be awarded its attorney's fees incurred in the defense of this action. Defendant's counsel seeks compensation in the total amount of $10,607.50. The basis for the claimed recovery of attorney's fees is Okla. Stat. tit. 12 § 936.

In response, Plaintiff contends that statute does not apply to disputes between employers and employees. Rather, Plaintiff asserts § 936 is intended to address disputes over labor or services rendered to a third party that must be collected from that party. As a result, Defendant opposes Plaintiff's request for attorney's fees as a prevailing party.

The statute upon which Defendant relies for its recovery states, in pertinent part:

> **§ 936. Attorney fees taxed as costs in actions for labor or services rendered or on certain accounts, bills and contracts**
>
> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or

2

contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. Ann. tit. 12 § 936.

Recovery of attorney's fees under this provision has been permitted to the prevailing party in an action alleging the wrongful breach of an employment contract. See, Doyle v. Kelly, 801 P.2d 717, 720 (Okla. 1990)("[t]he law provides that in a civil action to recover on a contract for labor or services the prevailing party shall be allowed a reasonable attorney fee . . . . The subject of this lawsuit was the wrongful termination of the appellee under two agency contracts and those contracts included both labor and services."); Hicks v. Lloyd's Gen. Ins. Agency, 763 P.2d 85 (Okla. 1988). However, the Tenth Circuit Court of Appeals has interpreted § 936 as only permitting recovery of attorney's fees in breach of employment contract or wrongful termination actions where recovery is sought for labor or services already rendered. Jackson v. Integra, Inc., 1991 WL 114750, 2 (10th Cir. (Okla.))(unpublished opinion).

In this action, among the relief sought by Plaintiff in the original complaint was recovery for "[l]ost wages and benefits, both past and future." This claim would certainly have encompassed a claim for wages and benefits stemming from labor or services

rendered. As a result, this Court finds Defendant was the prevailing party on a claim which is contemplated by § 936.

A review of Plaintiff's response reveals the sole stated basis for objecting to the fees claimed by Defendant was the absence of a statute authorizing recovery. Plaintiff did not challenge the reasonableness of either the hourly rate charged by counsel or the services for which compensation is sought. Consequently, based upon an independent review, this Court finds hourly rate of $150.00 per hour and total expended time is reasonable given the nature of the action and the result obtained.

Plaintiff also seeks to strike Defendant's bill of costs based upon an apparent equitable argument, whereby Plaintiff contends Defendant violated Plaintiff's rights under the Family Medical Leave Act. However, Plaintiff readily admits she dismissed this claim because Defendant lacked the requisite number of employees for that law to apply. Nevertheless, Plaintiff contends "Defendant should not be rewarded for its violation of Federal law." As recognized by Plaintiff's dismissal of the claim, Defendant did not violate a federal law since its provisions were not applicable to it. Fed. R. Civ. P. 54(d) authorizes the recovery of costs to the prevailing party. Defendant is clearly the prevailing party in this action and its recovery of costs is authorized by law.

IT IS THEREFORE ORDERED that Defendant's Motion for Attorney

4

Fees (Docket Entry #45) is hereby **GRANTED**. Accordingly, Defendant is awarded attorney's fees in the total amount of $10,670.50 as the prevailing party in this action.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Bill of Costs (Docket Entry #50) is hereby **DENIED**.

IT IS SO ORDERED this 4th day of April, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE